IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES HERNANDEZ, | CASE NO. CV-F-04-6352 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| JOE McGRATH, Warden, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

Petitioner was convicted in the California Superior Court for the County of Kings, after pleading guilty to murder in the second degree. (Ca. Pen. Code § 187; Respondent's Exhibit A).[1] Petitioner entered a plea of no contest to the allegation that he committed the crime for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1).) (Respondent's Exhibit B, at 2.) On November 8, 2002, Petitioner was sentenced to state prison for the indeterminate term of 15 years to life. The court also added a determinate term of 10 years pursuant to section 186.22, subdivision (b)(1). The Court of Appeal, Fifth Appellate District subsequently struck the 10-year enhancement.

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

1

(Respondent's Exhibit B, at 5.) The modified sentence is 15 years to life.

Petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth Appellate District. On September 3, 2003, the Court of Appeal affirmed the modified judgment. (Respondent's Exhibit B.)

Petitioner filed a petition for writ of habeas corpus with the Kings County Superior Court. In his current petition for writ of habeas corpus, Petitioner indicates that no ruling was ever issued.

On June 9, 2004, Petitioner filed a petition for writ of habeas corpus in the Fifth District Court of Appeal. (Respondent's Exhibit D.) On June 17, 2004, the Fifth District denied the petition. (Respondent's Exhibit E.)

On July 19, 2004, Petitioner filed a petition for review in the California Supreme Court. (Respondent's Exhibit F.) The petition was denied on September 15, 2004. (Respondent's Exhibit G.)

On November 17, 2004, the Kings County Superior Court denied the petition for writ of habeas corpus. (Respondent's Exhibit H.)

Petitioner filed the instant petition for writ of habeas corpus on October 4, 2004. By order of October 18, 2004, the Court directed Respondent to file a responsive pleading. Respondent filed an answer on December 16, 2004, and Petitioner filed a traverse on December 27, 2004.

## STATEMENT OF FACTS

Because the facts underlying Petitioner's conviction are contained in the probation report which is filed under seal in this Court and are not relevant to the disposition of the instant petition, the Court does not recite them here.

## DISCUSSION

A.   <u>Jurisdiction</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Kings County

Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.     Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

C.   Denial of Juvenile Fitness Hearing

Petitioner contends that he is being held under an invalid conviction and sentence because he was tried as an adult and not given a juvenile fitness hearing. (Petition at 5.)

Petitioner was charged with murder in violation of California Penal Code section 187 with the allegations pursuant to section 190.2, subdivision (a)(22), that Petitioner intentionally killed the victim while an active participant in a criminal street gang, as defined in section 186.22, subdivision (f), and that the murder was carried out to further the activities of the criminal street gang.

Count One of the complaint and information alleged:

> On or about June 17th, 2002, said [Petitioner] did commit a FELONY, namely: Violation of Section 187, subdivision (a) of the Penal Code of the State of California, in that said defendant(s): did unlawfully, and with malice aforethought murder Jose Alfredo Guijarro, a human being.
> It is further alleged, pursuant to Penal Code section 190.2 (a)(22), that the [Petitioner] intentionally killed Jose Alfredo Guijarro while the [Petitioner] was an active participant in a criminal street gang and the murder was carried out to further the activities of the criminal street gang.
> It is further alleged that the [Petitioner] personally killed the victim.

(CT 3, 16.)

Initially, as Respondent submits, Petitioner's claim fails to raise a constitutional violation. Federal habeas corpus relief does not apply to errors not of constitutional magnitude in the application of state law. Beaty v. Stewart, 303 F.3d 975, 986 (9th Cir. 2002). Because Petitioner's claim challenging the denial of a fitness hearing arises under California law, it is not cognizable under § 2254. In any event, Petitioner's claim fails on the merits.

California Welfare and Institutions Code section 602 states in part:

> (a) Except as provided in subdivision (b), any person who is under the age of 18 years when he or she violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court.
> (b) Any person who is alleged, when he or she was 14 years of age or older, to have committed one of the following offenses shall be prosecuted under the general law in a court of criminal jurisdiction:
> (1) Murder, as described in Section 187 of the Penal Code, if one of the circumstances enumerated in subdivision (a) of Section 190.2 of the Penal Code is alleged by the prosecutor, and the prosecutor alleges that the minor personally killed the victim.

Welfare and Institutions Code section 707, subdivision (d)(1) states:

> Except as provided in subdivision (b) of Section 602, the district attorney or other appropriate prosecuting officer may file an accusatory pleading in a court of criminal jurisdiction against any minor 16 years of age or older who is accused of committing an offense enumerated in subdivision (b).

As Respondent submits, since Petitioner was charged with an offense that came within the ambit of Welfare and Institutions Code section 602, subdivision (b)(1), there was no statutory basis for a fitness hearing. When a minor is charged with certain serious criminal offenses, including murder, the prosecutor can file the charges against the minor directly in the criminal division of the Superior Court. (Welf & Ins. Code §§ 602, subd. (b); 707, subd. (d); People v. Thomas, 35 Cal.4th 635, 638-641 (2005).) Petitioner's claim therefore fails.

D.     Ineffective Assistance of Trial Counsel

Petitioner contends that he received ineffective assistance of counsel because his trial counsel suggested that he waive his right to a preliminary hearing in exchange for the prosecution dropping the special circumstance allegation.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment.

1 Strickland, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an
2 objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were
3 not the result of reasonable professional judgment considering the circumstances. Id. at 688; United
4 States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's
5 performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls
6 within the wide range of reasonable professional assistance.  Strickland, 466 U.S. 668, 687, 104
7 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

       Second, the petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688.  The court must also evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).  More precisely, petitioner must show that (1) his attorney's performance was unreasonable under prevailing professional norms, and, unless prejudice is presumed, that (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different.

       A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

       Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (2000).

       Petitioner contends "Michael Woodbury represented him during the June 26, 2002, preliminary hearing.  Mr. Woodbury never reviewed the case or interview[ed] Petitioner and suggested Petitioner waive the preliminary hearing under threat of additional charges." (Petition at 5.)

       On June 26, 2002, the following occurred:

> MR. WOODBURY: Your Honor, on this matter there's going to be a waiver of preliminary hearing.  The District Attorney's agreeing that an offer will be extended, one count first degree murder without the enhancement which will be

6

```
                    punishable by 25 years to life.
                            MR. BURNS: The enhancement would make it life without possibility of
                    parole.  The first degree murder would make it 25 to life.
                            MR. WOODBURY: Yes.  Instead of the prison charge, which is punishable by
                    life without parole, in return for holding that offer we're waiving preliminary hearing
                    and agreeing that as some possible additional charges of weapons and -
                            MR. BURNS: We would be able to amend to add any charges supported by
                    the police reports if we choose.
                            MR. WOODBURY: Might be collateral charges, more than what he's facing.
                    So with that consideration, we are at this time waiving our right to preliminary
                    hearing.
                            THE COURT: Is that what you intend to do, [Petitioner]?
                            [PETITIONER]: Yes.
                            THE COURT: Do you understand that if you waive your rights to a
                    preliminary hearing you cannot have a preliminary hearing on the subject matter of
                    this case in this court or any other court; do you understand that?
                            [PETITIONER]: Yes.
                            THE COURT: Do you understand that applies irrespective of whether or not
                    there are any other matters which may or must be alleged as a matter of law, any
                    strike priors, prison priors or other matters?  Do you understand that, sir?
                            [PETITIONER]: Yes.
                            THE COURT: Do you understand that also applies even if for some reason
                    you subsequently plead and are allowed to withdraw that plea, you still may not have
                    a preliminary hearing on the subject of this case in this court or any other court; do
                    you understand that?
                            [PETITIONER]: Yes.
                            [THE COURT]: Do you understand you'd have a right at a preliminary
                    hearing to confront and cross-examine the witnesses against you, that is see them,
                    hear them and ask them questions or have your attorney do so; right to remain silent;
                    right to have a court issue subpoenas to compel the attendance of witnesses and the
                    production of evidence at no cost to you?  Do you understand you have those rights
                    and that you're giving them up with respect to preliminary hearing?
                            [PETITIONER]: Yes.
                            [THE COURT]: At this time then, do you formally waive your rights to a
                    preliminary hearing in this matter?
                            [PETITIONER]: Yes.
```

(CT 6-8.)

As Respondent submits, Petitioner's counsel had a sound tactical reason for suggesting that Petitioner waive the preliminary hearing - the striking of the special circumstance.  Petitioner was no longer subject to a sentence of life without the possibility of parole.  Petitioner does not demonstrate or allege that a preliminary hearing would have been to his benefit.  As Respondent submits, Petitioner has failed to establish that the agreement to waive the preliminary hearing, which Petitioner consented to, in exchange for the prosecution no longer seeking a sentence of life without the possibility of parole caused him prejudice and constituted ineffective assistance of counsel.

Petitioner further contends that subsequent counsel was also ineffective stating, "on July 11,

7

2002, David Lee was appointed as counsel of record. Mr. Lee filed not one motion for discovery nor attempted to mount any defense. Mr. Lee stipulated to petitioner[']s guilty plea and never attempted to have the Petitioner deemed fit for juvenile court." (Petition at 5.)

As Respondent submits, Petitioner has failed to show that his attorney had not already been supplied all the discovery in the case and has failed to show the necessity of a discovery motion. Further, Petitioner has failed to show what additional information would have been discovered and how that would have effected his willingness to plead guilty to a lower charge of second degree murder.[2]

With regard to Petitioner's claim that counsel failed to mount a defense, Petitioner has failed to show what defense his counsel should have made. In the absence of such evidence, Petitioner has failed to show prejudice and ineffective assistance of counsel. In fact, the record is contrary to Petitioner's claim. At the time Petitioner entered his plea, Petitioner told the trial court that he had a chance to discuss the matter with his attorney and that his attorney had explained the crimes of which Petitioner was accused. (CT 38-39.) Petitioner said that his attorney had told him what the People had to prove and what possible defenses were available under the law. (CT 38-39.) Petitioner was satisfied that he understood everything that his attorney had gone over with him. (CT 39.) Petitioner entered his plea voluntarily and freely and had no questions of the court. (CT 39.)

With regard to Petitioner's claim that counsel failed to have Petitioner deemed fit for a juvenile court, as stated above there was no legal basis for Petitioner to have a fitness hearing and therefore counsel's failure to make such an argument was not ineffective. James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994); see also Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.") (quotation marks and citation omitted.)

As Respondent submits, Petitioner's counsel negotiated a fair and reasonable plea and sentence. Petitioner's counsel preserved the argument that the ten-year gang enhancement should be

---

[2] Further, as Respondent submits, based on the factual allegations contained in the Probation Report, it is quiet reasonable that the prosecution would have been successful in prosecuting Petitioner on the original charge and Petitioner would have been sentenced to life without the possibility of parole.

stricken and the Court of Appeal subsequently agreed with him. Although Petitioner is serving a 15 year to life sentence, the plea deal reserved the chance for parole.

E.    Ineffective Assistance of Appellate Counsel

Petitioner contends that he received ineffective assistance of appellate counsel because counsel failed to raise the issues of lack of a fitness hearing and ineffective assistance of trial counsel and failed to advise Petitioner that he had a right to raise a supplemental brief on those issues.

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to Strickland 's two-pronged test. Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986); See, also, Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 353-54 (1988) (holding that where a defendant has been actually or constructively denied the assistance of appellate counsel altogether, the Strickland standard does not apply and prejudice is presumed; the implication is that Strickland does apply where counsel is present but ineffective).

To prevail, Petitioner must show two things. First, he must establish that appellate counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984). Second, Petitioner must establish that he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, she would have prevailed on appeal. Id. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id. The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998). The presumption of reasonableness is even stronger for appellate counsel because he has wider discretion than trial counsel in weeding out weaker issues; doing so is widely recognized as one of the hallmarks of effective appellate assistance. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989). Appealing every arguable issue would do disservice to the Petitioner because it would draw an appellate judge's attention away from stronger issues and reduce appellate counsel's credibility before the appellate court. Id. Appellate counsel has no constitutional duty to raise every nonfrivolous issue requested by

petitioner. Id at 1434 n10 (*citing* Jones v. Barnes, 463 U.S. 745, 751-54, 103 S.Ct. 3308 (1983)).

With regard to Petitioner's claim that appellate counsel was ineffective for failing to argue that Petitioner was entitled to a fitness hearing, as previously stated herein, there is no merit to Petitioner's claim and therefore it follows that counsel could not have been ineffective for failing to raise this argument. Further, Petitioner could not have suffered any prejudice by not being advised that he himself could raise the issue. Petitioner raised the issue in the Court of Appeal and California Supreme Court and it was denied. (Respondent's Exhibits D, F.) Thus, Petitioner has not shown that he or appellate counsel would have been successful if they had raised the issue on direct appeal.

Similarly, Petitioner's trial counsel was effective and there was no basis on appeal to allege ineffective assistance of counsel. As explained above, Petitioner's trial counsel had a sound tactical reason to waive the preliminary hearing - the dropping of the special circumstance that eliminated the possibility of a sentence of life without the possibility of parole.

The record does not show that there was a need for a discovery motion. Further, the record does not show that there was a valid defense to be presented that would have resulted in a conviction for less than second degree murder. Petitioner voluntarily pleaded guilty and thus there is no basis to challenge the fact that his counsel stipulated to his guilty plea. As such, Petitioner has failed to demonstrate that appellate counsel was ineffective or that he was prejudiced.

F.     Superior Court Failed to Timely Rule on State Petition For Writ of Habeas Corpus

Petitioner contends that the trial court failed to rule on his petition for writ of habeas corpus within sixty days pursuant to California Rules of Court, Rule 4.551.

Petitioner's claim is not cognizable pursuant to section 2254. Errors of state law are not cognizable in federal habeas corpus petitions. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985). Even if cognizable, it fails on the merits.

California Rules of Court, Rule 4.551 states in relevant part:

> (3)(A) Upon filing, the clerk of the court must immediately deliver the petition to the presiding judge or his or her designee. The court must rule on a petition for writ of habeas corpus within 60 days after the petition is filed.
> (B) If the court fails to rule on the petition within 60 days of its filing, the petitioner may file a notice and request for ruling.

        (I) The petitioner's notice and request for ruling must include a declaration stating the date the petition was filed and the date of the notice and request for ruling, and indicating that the petitioner has not received a ruling on that petition. A copy of the original petition must be attached to the notice and request for ruling.

        (ii) If the presiding judge or his or her designee determines that the notice is complete and the court has failed to rule, the presiding judge, or his or her designee, must assign the petition to a judge and calendar the matter for a decision without appearances within 30 days of the filing of the notice and request for ruling. If the judge assigned by the presiding judge rules on the petition prior to the date the petition is calendared for decision, the matter may be taken off calendar.

Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court on December 1, 2003. (Respondent's Exhibit C.) On November 17, 2004, the trial court ruled on the petition. (Respondent's Exhibit H.) There is no evidence that Petitioner filed a notice and requested a hearing as permitted by California Rules of Court, rule 4.551, subdivision (a)(3)(B). In his traverse, Petitioner contends that he sent a letter in February to the Superior Court, however, he does not have a copy of it and did not receive a response from the Court.

Petitioner was able to raise his issues in the California Court of Appeal and California Supreme Court so there was no denial of any liberty interest and Petitioner has not been prejudiced. See Campbell v. Blodgett, 997 F.2d 512, 522 (9th Cir. 1992) (the failure of a state court to fulfill its statutory requirements is not a federal habeas issue absent a liberty interest analysis.) Further, the Superior Court ultimately denied the petition on November 17, 2004, finding good cause to extend the time to rule on the petition. (Respondent's Exhibit H.) As such, there is no merit to Petitioner's claim.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    The petition for writ of habeas corpus be DENIED; and

2.    The Clerk of Court be directed to enter judgment in favor of Respondent.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate

1 | Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within
2 | ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will
3 | then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
4 | advised that failure to file objections within the specified time may waive the right to appeal the
5 | District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 11, 2006**              **/s/ Sandra M. Snyder**
icido3                                               UNITED STATES MAGISTRATE JUDGE